May it please the court my name is Irene Dimkar This is an appeal of a decision on an attorney's fees and costs petition in a 1983 civil rights case Let me start by saying that we shouldn't even have to be here talking about attorney's fees. This case should have settled early That's completely irrelevant. Let's discuss the legal issues your honor With all due respect. I would say that all right if you want to waste your time go ahead, but Following suggestions from the bench is usually prudent Of course your honor of course. I'm also Reminding myself of the Richardson case where the court held the plaintiff criticized a plaintiff for not dealing with settlement early on and here's a case where Plaintiff tried very very hard to settle this case And I think that the settlement history should be part of the legal analysis in this case Okay, but let's because time you know you don't have a whole lot of time on on the district courts double counting of the 84.2 hours for reliable recovery work the plaintiff contends you contend That the city Had an opportunity to correct the mistake when the court was rendering the oral judgment So I'm assuming that I could I could very well be wrong that you had the same opportunity To correct the mistake at that time what what I'm wondering is why If you did then would would your failure to step forward At the oral ruling be a waiver of the issue No your honor We brought a motion for reconsideration That's exactly what motions for reconsideration are are intended for this could have been resolved at this point This was an arithmetic mistake that the judge made But the judge was saying this is a new issue you can't bring up new issues our motion reconsideration said look your honor we had Voluntarily taken off 84.2 hours They said it was 128.2 We didn't know until the judge rendered his decision that he was going to add the two together and basically discounted it twice We brought the motion for reconsideration with the idea of that's how we're going to resolve it. There is an error here There is an error here and the city at the oral argument at the point where the judge issued a summary Decision because he didn't require the city to respond the city attorneys Just rode the wave and and did not say anything and the city the court got it wrong again They say that there's there's a waiver, but how is there a waiver? How can you waive an objection to a decision before the decisions even made? We didn't know that the judge was going to make an error until he rendered his his fee decision and at that point We came in and brought a motion for reconsideration. So I think that that was a proper vehicle to to proceed with And in their brief they do not deny that arithmetic error was made. They do not deny that at all And in fact if you read the brief, it seems that they they're agreeing that there was an arithmetic error Well, why didn't this get resolved sooner then? They're also hours beyond the 84.2 hours and We we said to the court these are the the other 44.3 hours We said, you know that that's you've deducting the depositions of Timothy Gadotti his boss Juanita Horton who owned the car Oliver Johnson And these were the court had awarded summary judgment based on this legal work These are all people who were subpoenaed to come to trial. They all testified except for for Yerkovic So these additional hours should not have been deducted either But when there's an arithmetic mistake made by the court and you bring a motion for reconsideration and the judge stands firm that that that that That you can't bring it up at that point. I'm not sure what else we can do I Like to talk about the 50% reduction because that's a reduction of a hundred sixty four thousand dollars in legal fees The court said there was a limited success, but a jury verdict of $30,000 is not a small amount It's a reasonable amount under the facts of this case. This was not a case where we aimed high and fell short This wasn't a million dollar case. We never asked for a million dollars. In fact going to the jury I never even asked for an amount. I just left it up to the jury and the jury got it, right? They they they awarded $30,000 now had this If we had dealt with this sooner We could have settled the case for $30,000 plus nominal attorney's fees and and nominal costs early in the case But to say it's not a big verdict when that's all you reasonably could expect out of the case That's saying that the little guy the guy with a small claim or smaller claim a person who didn't serve didn't Suffer catastrophic injuries at the hand of the police can't bring a claim Or if you can't bring a claim you're going to have to litigate it You have to get to go the whole nine yards in the case The the judge also said the court also said that the the Kenneth Baker didn't win all his claims, but he won at least one claim against each of the defendants who went to trial And he won the main claim. He actually won it at summary judgment that the false arrest claim If you I'm not going to get into the facts of the case because I know that you all are aware of it But the police barged into the house to arrest Kenneth Baker. The arrest was the main claim It was the core claim everything else had to come in whether there were other claims whether there were other plaintiffs all the rest of the evidence had to come in because they were the family was all there when it all happened and the the the prelude the The reason why the police were in the house that all had to come in that all had to come in whether those other claims Were there or not? So What what the Is not fair in this case was I am asking the court to Deal with the issue that plaintiff had to go to trial It was either walk away from the claim even though we won summary judgment walk away from the claim because the city was not negotiating or Proceed to trial the number of hours that we are claiming in this case. It's 800 and 900 hours is not Extraordinary for this kind of case It was a case that was litigated over four years there were 17 depositions There were many witnesses to this case. This was this was not an extraordinary number of hours Now the I like the court also to Note that the defendants Objections their spreadsheets are disorganized. They're confusing. They're contradictory It's very difficult to respond to their objections because they're very sloppy If you go to 40 page 46 of my brief There's a chart where I set forth all the contradictions where they said that page should Deductions should total 3.5 hours and they claim it's 8.1 hours 4.5.9 they say totals 14.6. I think what happened here was the the district court Just you know, he didn't want to go line by line through the the feet petitions It's it's this is an arduous task for for me for the for this court for the for the the district court But I think the judge said that you know, this is just so confusing It doesn't add up that I'm going to deduct a flat 30 hours but he didn't look at what it was that the defendants were claim or the defendant because it's the city of Chicago what the city of Chicago was claiming Was excessive and they said or was vague They said 25.1 hours were vague, but that included 22.3 hours to review 17 deposition transcripts Some of those depositions took seven hours, so we're over 1,500 pages of deposition transcripts So, you know when the judge I understand that the judge is allowed to take a flat Amount off but it has to be based on something and if you look at what the objections were by the defendant They were they're very disorganized. They do not add up. They're contradictory and they're confusing there was 9.9 hours where we said I'm not going to go through each Category here because it is it is it is tedious But there's 9.9 hours where we said it was attorney time They said it was paralegal time the judge gave no fees for that And you know, it's difficult to determine what the city was complaining about in the 9.9 hours, but reviewing Paralegal work is not paralegal work. It's attorney work and when paralegals and attorneys work together attorneys still have to review What it is that that paralegals do there's no doubt here that The city is really the only party on the other side when it comes to Attorney skis and costs and what we have argued in our bill of costs Argument is the plaintiff should not have been denied bill of costs Defendant was granted bill of costs plaintiff was denied We're saying that in a small case and I will get back to this in my photo because I see the time is up This would have a chilling effect on plaintiffs bringing civil rights claims in smaller cases if they have to pay costs Even if that if the jury gives a smaller award to the plaintiff, I will return on rebuttal. Thank you Certainly counsel Mr. Breyer I Good morning, and may it please the court this court should affirm the judgment of the district court. I'd like to address What what looks to be opposing counsels? Mr. Baker's two primary arguments the allegations regarding accounting and Sorry, you're not Sorry before yeah before  By double counting the 84 point two hours at the time the plaintiff had already Deducted for liable recoveries hours, I mean I was trying to figure out why the Plaintiff should have anticipated that the court would make that mistake To it sounds like two questions there I'll try to address them in turn first based on what the court said There's nothing to indicate that there was not a mistake The only possibility that might cut against that and that this is pure I admit this is pure speculation on my part Is that the city when it make when formulating its response cut off at a certain point long before trial? There's there's a possibility the district court was intending to include time past then there's a significant amount of litigation past It was summary judgment where the city cut off the district court may have intended to include some time that was spent Specifical and reliable in that but that's that again. That's pure speculation on my part So I it would it would require a remand if this court addressed went to that issue Are you conceding that the court made a mistake? I'm willing to concede it appears the mistake was made. Yes That that has the court formulated that that listed time I did yes Sorry, I you cut out judge. You're completely cut out your honor. It's probably good that I cut out because Just But regarding Regarding that issue. However, this court need not reach it because the district court found waiver and there was in fact waiver It was not an abuse of discretion to find waiver on appeal. Mr. Baker argues that Argues that there was no possible way to anticipate this but that was not the argument he made Below in the district court in his motion to reconsider. Mr. Baker came out with an entirely different Theory of how this went down that the city intentionally Attempted to mislead the district court and the district court fell for it and the district court Specifically addressed that argument and said it wasn't that that wasn't what happened that it that this was not That it believed that the objections were clear and that mr Baker had an opportunity to raise this in his reply and further support of his of his fee petition Found a waiver there now on appeal. Mr. Baker makes an entirely different argument instead of had seems to have abandoned the argument that the city has attempted to intentionally mislead the district court, but says now that Could never have anticipated this would have happened But that runs directly counter to the argument raised below either the city was intentionally trying to do something was specifically Requesting something happened or it was or it was an inadvertent misunderstanding Mr. Baker, you know that that piles another waiver on top of waiver in this case, and we believe that waiver can Can resolve this issue without reaching the double counting and again just to clarify your honor Judge Rovner we we are willing to concede that that that on this record that double counting appears in the district courts decision I I apologize for how I sound like I might have been trying to equivocate that was not my intention No, I understand. You know, I have to tell you I am troubled that The defendants recovered all of their costs given the you know, you did lose some of the claim Why Did the court why didn't Why didn't the court? Apportion the costs to reflect the split verdict. I mean did the city fail to differentiate which costs were for each claim There was no differentiation But there was that was true of both of all of the bills of costs submitted to the court and this argument was not made Actually, the district court found specifically that the argument that Mr. Baker's argument requiring Segregation had been waived that that could have been raised in an objection some at some point but was never raised it was never requested that partial awards be made that there be some allocation of costs between the parties and To get to your initial point that that the city did loss We do we do because we do admit that we did we did not we did not win we lost on The false arrest claim and on You know at least on two claims, but under first commodity traders this court explained that a party Still can prevail despite that fact in interpreting rule 54 explained that's not a bar to being considered a prevailing party for purposes of costs and given the sheer amount of Litigation a sheer number of claims in which the city prevailed here that it was well within the district courts broad Discretion to determine that the city was the prevailing party Even based on a you know, unfortunately the trial transcripts were not provided in the record by mr. Baker So there's no indication to this court how this case was litigated But mr. Baker's even indicated in in his arguments to this court that Significant effort was put into this case 17 depositions some of them seven hours long for a 30 hour for a thirty thousand dollar recovery Total for on only two claims total one of which was resolved at summary judgment and didn't have to be litigated on the merits at at trial the district court with its Broad familiarity with how this case was litigated how the arguments were made what the city had to do what mr. Baker tried to do This was well within its discretion to determine the city prevailed that the city prevailed on what this court said is the substantial part of this litigation and given that mr. Baker did not request any sort of division of Costs that seems particularly within the court's discretion here Finally that segues nicely into my last point. I'd like to raise here regarding the the 50% lodestar deduction This court it explained in Anderson that when a when a prevailing plaintiff and civil rights litigation requests fees that are a substantial multiple of the damages acquired that the district court is is Carefully review the fee request to make sure that that unnecessary time that You know, so we'll go through all the various factors the court considers when evaluating a lodestar That's precisely what the court did here and it found that a 50% lodestar reduction was appropriate in light of limited success again, only two claims claims revealed only two claims out of You know by the district courts count 22 against the city There was no difficult issue the the summary judgment was on a basic issue of Illinois law of Assault or battery. I'm not sure what it where the line is there and that there was No broader based impact beyond the average impact that civil rights of any civil rights litigation has Mr. Baker did not in his reply below did not even Dispute limited success. It wasn't until his motion reconsider that he began Disputing whether he had limited success That was too late and that waived the issue. The district court was entitled to rely on the submissions The parties made and having no dispute on Degree of success could take that into account against. Mr. Baker and this court even recognized in Montanez in a strikingly similar case with a 50% lodestar Reduction for the exact same three factors considered here found that was well within the bounds of the district courts discretion and even rejected the argument being made here that That the plaintiff was not aiming high the conduct of this litigation even as counsels presented to this court Objectively indicates that counsel was aiming high that again 17 depositions seven hours of peace The district court could reasonably conclude within its discretion that That counsel would greatly overvalued this case and received only $30,000 and could address the lodestar appropriately If this court has no further questions, we respectfully request that you affirm the judgment of the district court in all respects Thank you. Thank you. Thank you anything further counsel Your honor. First of all, the seven-hour depositions were their depositions and the 17th depositions were almost always not appropriate No, I'm just saying okay. I'm I apologize your honor. It was the defendants Depositions they were the seven-hour depositions. They're the ones who noticed up 17 depositions. We noticed up the defendants The The point about the bill of costs is briefly If how can Kenneth Baker win summary judgment be awarded? 30,000 by the jury and not be a prevailing party it doesn't make any sense and if it's a case where this is a mixed result where the court says well that the Cost would just Be a wash That's not fair to the plaintiff who has a smaller civil rights case It would have a chilling effect on someone who has a smaller civil rights case if a person got for example $8,000 from a jury there and there were 10,000 in costs for the plaintiff 10,000 for the defendant and the court said well Neither side gets cost then what happens is the plaintiff would have to give over his $8,000 to reimburse the plaintiff's attorney plus still owe $2,000 it would have a chilling effect on smaller cases to divide it that way The In the it's not just extraordinary cases that are supposed to get them the lodestar. It's just The lodestar is the presumption. It's not that extraordinary cases are the only ones who get the lodestar regarding the 50% and in the number of claims The importance of this court's decision in this case is that you will you may force by your decision Plaintiffs to bring a one-claim complaint One claim where we call it a fourth amendment violation would include false arrest excessive force Illegal search and then either the plaintiff wins or lose. We don't have to play with these crazy fractions 4 out of 6 or 2 out of 20 or 11 out of 13, it's either a win or lose and Some plaintiffs attorneys have started to do that They would they just have a one claim complaint and then you either win or lose and it's very clear now bringing a one complaint would give less clarity to what plaintiffs alleging and there'd be more confusion through discovery and Jury instructions would be really confusing, but maybe that's what we know. We would be we would be pushed to do We're not trying to squeeze every penny out of the city of Chicago, but plaintiffs attorneys do run businesses 1988 allows reasonable compensation for attorney work and civil rights cases and we're saying that plaintiffs attorneys here should be reasonably and Compensated. Thank you. I mean, I'd like to ask one if I may I appreciate your Plaintiffs run businesses and but back to your remarks about chilling effect on plaintiffs bringing small cases. Is there anything is Will our decision here affect the award that mr. Baker receives from his from the jury verdict It won't affect just $30,000. No, but we have to we have to plan You know There isn't a fact of course of every case that comes out of out of this court And if in if what we have to do is tell a client we can't pursue all your claims Because that wasn't the point of my my question. I'm sorry. That's okay. Did I answer you did? Okay. Thank you Thank you. The case is taken under advisement